

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**

JUL 2 2 1970

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

AMPICILLIN ANTITRUST LITIGATION   )   DOCKET NO. 50

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On March 19, 1970 the United States filed a civil action in the United States District Court for the District of Columbia against Bristol-Myers Company, Beecham Group Limited, and Beecham, Inc. charging them with violations of the Antitrust Laws with respect to ampicillin and other semi-synthetic penicillin drugs. The Government's complaint alleges that the defendants, in violation of Sections 1 and 2 of the Sherman Act, combined and conspired in unreasonable restraint of trade in these drugs and monopolized trade in ampicillin by fraudulently procuring and enforcing Beecham's patent and by restraining and preventing the sale of drugs in bulk form or under other than specified trade names.

---

* Although Judge Weinfeld was not present at the hearing he has, with the consent of all parties, participated in this decision.

The Government seeks: (1) declaratory and injunctive relief against the alleged antitrust violations, (2) cancellation of the "ampicillin patent," (3) a declaration of the invalidity of the "ampicillin patent" and the "ampicillin trihydrate patent," and (4) damages under Section 4A of the Clayton Act.

Shortly thereafter, several states, competing drug manufacturers, and private parties filed actions, many of them class actions, against these same defendants seeking treble damages and in some instances, various types of equitable relief. There is, in addition, one action - the *Zenith case*[1/] which preceded the Government action. On May 7, 1969 Beecham filed suit against Zenith alleging infringement of Beecham's ampicillin patent. Zenith then counterclaimed against Beecham and brought in Bristol and American Home Products Corp. as additional defendants on the counterclaim. In its counterclaim Zenith alleged that the ampicillin and the ampicillin trihydrate patents were invalid and that the defendants had engaged in a conspiracy in restraint of trade of ampicillin and other semisynthetic penicillins and sought treble damages and a declaration that the ampicillin and the ampicillin trihydrate patents are invalid and unenforceable. Bristol then counterclaimed against Zenith and Ankerfarm S.p.A claiming that they had infringed Bristol's patent rights, engaged in unfair competition and violated the antitrust laws.

---

1/   Beecham Group Limited v. Zenith Laboratories, Inc., D. N.J., CA No. 526-69

On May 26, 1970 we ordered the parties to show cause why all related actions should not be transferred for coordinated or consolidated pretrial proceedings under Section 1407.[2/] At the same time a hearing was set for June 26, 1970 in Washington, D. C. The Government's request to vacate that hearing was denied.

With two exceptions to be discussed later, all parties strongly support transfer of all actions to a single district for coordinated or consolidated pretrial proceedings. With the same two exceptions the complaints are virtually identical and all agree and we think it manifest that there are substantial, complex common questions of fact, that the convenience of parties and witnesses would be served by transfer to a single district and that the just and efficient conduct of this litigation *compels* treatment under Section 1407.

The two exceptions are of course the Government action and the *Zenith case*. The Government does not oppose consolidation of its "Section 4A claim" with the treble damage actions but urges that any such consolidation be in the District of Columbia. We of course recognize that the antitrust injunction aspect of the Government's action is statutorily excluded from transfer under Section 1407 but we cannot agree that the patent cancellation and invalidation aspects of its case should be considered *in pari materia* with the antitrust-injunction part of the case. *Cf. In re Antibiotic Drug Litigation*, 309 F.Supp. 155 (JPML 1970). Since these patent

---

[2/] The *Zenith case* and several other actions which either had not been filed or had not previously come to our attention were included in that order by later amendment.

issues are at least common to the *Zenith case* we believe that the development of the facts relating to these issues can best be accomplished during coordinated or consolidated pretrial proceedings.

The defendants[3] oppose inclusion of the *Zenith case* in coordinated and consolidated pretrial proceedings. The basis for excluding this case is said to be its advance state of discovery and the unique issues it presents. It is clear however that the principal questions of fact involved in the *Zenith case* are common to the private treble damage actions and/or to the Government action and that discovery, while more advanced than in the more recent cases, is far from complete. Zenith and Ankerfarm S.p.A. both deny that discovery is nearly complete and both strongly favor the inclusion of this case in coordinated or consolidated pretrial proceedings. In short we see no good reason for excluding the *Zenith case* from coordinated or consolidated pretrial proceedings.

This leads us to the major question presented at the June 26 hearing: the selection of the most appropriate transferee district.[4] The choice is limited to two districts, the District of Columbia wherein the Government action and most of the private treble damage actions have been filed and the District of New Jersey in which the Zenith case is pending and which

---

[3] We have collectively referred to Bristol-Myers, Beecham Group Limited and Beecham Inc., as "the defendants" although they are of course the plaintiffs in the *Zenith case*.

[4] It is not at all uncommon for parties in multidistrict litigation to join in support of transfer under Section 1407 and to disagree only as to the choice of the transferee forum. See for example *In re Silver Bridge Litigation*, ___ F.Supp. ___ (JPML, April 20, 1970), *In re Air Pollution Litigation*, ___ F.Supp. ___ (JPML, April 16, 1970), *In re Indianapolis Air Disaster Litigation*, 309 F.Supp. 621 (JPML 1970) and *In re Koratron Patent Litigation*, 302 F.Supp. 239 (JPML 1969).

would be more convenient to the defendants and their witnesses partly because Newark is close to New York City where Bristol's corporate headquarters are located and where counsel for all defendants maintain their offices. The defendants also urge that transfer of all actions to the District of New Jersey will enable all parties to benefit from the discovery which has taken place in that district and would permit their assignment to a judge who is familiar with this litigation, Judge Lawrence A. Whipple to whom the *Zenith case* was assigned nearly a year ago.[5]

It is true that the availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum and we have no doubt that this litigation would be processed by Judge Whipple in a most efficient and expeditious manner. There are however, other factors which mitigate against the selection of the District of New Jersey not the least of which is the announced preference of the other parties in the *Zenith case* for the District of Columbia as the transferee forum. The District of Columbia is also the choice of *all other plaintiffs*. Perhaps the most important factor is the pendency of the Government action in the District of Columbia and the

---

[5] We cannot overlook the apparent inconsistency in the defendants' position for on one hand they urge transfer of all actions to the District of New Jersey relying on the pendency of the *Zenith case* there, while on the other hand urging that the *Zenith case* should not be included in coordinated or consolidated pretrial proceedings.

fact that only part of it can be transferred under Section 1407.[6]

If we were to transfer all actions to the District of New Jersey we would have to split the Government case and leave part of it in the District of Columbia. This could result in some duplication of discovery and would be inconsistent with the goal of conserving judicial energies since the actions would necessarily be assigned to different judges. While we cannot transfer the antitrust injunction aspect of the Government case or order it included in coordinated or consolidated pretrial proceedings, we think that judicial efficiency would be promoted by assigning *all actions* to the same judge especially where, as here, the Government enforcement action and the private actions stand on relatively equal footing.

We do not say that the District of New Jersey would be a totally inappropriate transferee forum but we do believe, on balance, that transfer of all pending actions to the District of Columbia would serve the convenience of more parties and their witnesses and would promote the just and efficient conduct of *all related actions*.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A pending in other districts are hereby transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1407. With the written consent of that court which has been filed with the Clerk of

---

[6] The defendants have filed a motion in the District of Columbia to transfer the Government's case to the District of New Jersey under Section 1404 (a). If that motion is granted and the parties so request, we can reconsider this decision.

the Panel, all related actions, with the exception of that part of the Government action seeking injunctive relief under the antitrust laws, are hereby assigned to the Honorable John J. Sirica for coordinated or consolidated pretrial proceedings.

DOCKET NO. 50                                            SCHEDULE A

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| The State of Indiana, etc., v. Bristol-Myers Co., et al. | Civil Action No. 70 C 896 |
| The State of Connecticut v. Bristol-Myers Co., et al. | Civil Action No. 70 C 931 |
| The State of New Mexico v. Bristol-Myers Co., et al. | Civil Action No. 70 C 932 |

## DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America v. Bristol-Myers Co., et al. | Civil Action No. 822-70 |
| Biocraft Laboratories, Inc. v. Bristol-Myers Co., et al. | Civil Action No. 1002-70 |
| The State of Louisiana v. Bristol-Myers Co., et al. | Civil Action No. 1106-70 |
| Richard Estey d/b/a/ Rex Pharmacy v. Bristol-Myers Co., et al. | Civil Action No. 1159-70 |
| City of New York v. Bristol-Myers Co., et al. | Civil Action No. 1412-70 |
| The State of Vermont v. Bristol-Myers Co., et al. | Civil Action No. 1514-70 |
| The State of Florida v. Bristol-Myers Co., et al. | Civil Action No. 1536-70 |

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| City of Philadelphia v. Bristol-Myers Co., et al. | Civil Action No. 70-824 |

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Beecham Group Limited v. Zenith Laboratories, Inc. | Civil Action No. 526-69 |

- 2 -

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Lee's Prescription Shops, Inc. v.<br>    Bristol-Myers Co., et al. | Civil Action<br>No. 70-748-Civ.-CF |
| Hospital Development & Service Corp., et al.<br>    v. Beecham, Inc. | Civil Action<br>No. 70-749-Civ.-TC |